IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MICHAEL ALLEN KOKOSKI,

        Movant,

v.                                                CIVIL ACTION NO. 5:02-0079
                                                (CRIMINAL ACTION NO. 5:96-0064)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending are several related motions by Michael Allen Kokoski. The Court has reviewed the motions and makes the following rulings.

The motion to correct manifest error (Doc. 142) in the Court's order of March 15, 2005, is **DENIED**. The movant contends that the Court misconstrued his prior motion as a challenge to the finding that his escape from a federal prison camp in Beckley, West Virginia, was a crime of violence. He contends that his challenge was actually to whether the facility was a secured facility, because if it was a non-secure facility, he would have been entitled to a four-level decrease in the offense level under U.S.S.G. § 2P1.1. As noted in the Court's prior order, this Court and the Fourth Circuit have determined that Mr. Kokoski was not entitled to the adjustment under § 2P1.1 because it applies only to escape from community corrections or treatment centers, not federal prison facilities. This motion also raises the same objections Mr. Kokoski raised in his prior motions, alleging that he had ineffective assistance of counsel and that his sentence was unconstitutional because it was in excess of the statutory maximum under *Apprendi v. New Jersey*, 530 U.S. 466

(2000). The Court addressed these issues in its March 15 order and, having reviewed the movant's current filings, finds no basis for altering its prior determination. Finally, the movant argues that the Supreme Court's decision in *United States v. Booker* 125 S.Ct. 738 (2005) should apply retroactively to his case. Although the Fourth Circuit has not addressed this specific issue, other circuits have determined that *Booker* does not apply to cases that were final before the decision. *Guzman v. United States*, 2005 WL 803214 (2d Cir. 2005), *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005), *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005).

The motion to clarify ground three in the amended motion (Doc. 143) is **DENIED**. Having reviewed the motion, the Court finds no additional information that would warrant revisiting Mr. Kokoski's prior claim for relief under § 2255.

The motion for reconsideration (Doc. 144) of the Court's order of March 15, 2005, is **DENIED**. The only new element in the movant's claim is his citation of an unreported Ninth Circuit case in support of his effort to establish an ineffective assistance of counsel claim based on his attorney's alleged failure to conduct a reasonable investigation into his criminal history. This falls far short of the standard established in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The movant makes no showing of inadequacy on the part of his attorney, and the Court finds no basis for reconsidering its prior order.

Mr. Kokoski's final filing (Doc. 145) is a letter-form motion that seeks reconsideration of his § 2255 motion, an order for his immediate release or an evidentiary hearing. The claims presented in this motion are largely identical to those already addressed in this order and fail to

present any basis for reconsideration, release or a hearing. Accordingly, the motion is **DENIED** in its entirety.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and the movant, who is acting *pro se*.

ENTER: April 29, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE